**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BURNS EXCAVATING & CONCRETE CONSTRUCTION, INC., | )<br>)<br>) |
| Appellant, | )<br>) |
| vs. | ) CIVIL NO. 08-557-GPM<br>) |
| ASSOCIATED BANK NATIONAL ASSOCIATION, | )<br>)<br>) |
| Appellee. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. BACKGROUND.

On June 25, 2008, the Bankruptcy Court for the Southern District of Illinois granted Associated Bank National Association's ("Associated") "Emergency Motion to Abandon Property." (B.R. 208). Appellant Burns Excavating and Concrete Construction, Inc. ("Burns") objected to the motion and appeals to this Court. Associated is a secured creditor with a secured claim on the property in dispute; Burns is a general unsecured creditor with no direct ties to the property at issue.

## II. ANALYSIS.

Pursuant to 28 U.S.C § 158(a), the federal district courts have mandatory exclusive jurisdiction over appeals from final judgments, orders, and decrees of bankruptcy judges. The district court may affirm, modify, or reverse the bankruptcy judge's order, or remand with instructions for further proceedings. FEDERAL RULE OF BANKRUPTCY PROCEDURE 8013. A reviewing court must accept a bankruptcy court's factual findings unless those findings are

clearly erroneous. FEDERAL RULE OF BANKRUPTCY PROCEDURE 8013. *In re Excalibur Auto. Corp.*, 859 F.2d 454 (7th Cir. 1988). A bankruptcy court's conclusions of law, however, are governed by de novo review. *Calder v. Camp Grove State Bank*, 892 F.2d 629, 631 (7th Cir. 1990).

This appeal presents a single issue: "Whether the U.S. Bankruptcy Court erred in granting Associated Bank National Association's Motion for Abandonment of the Real Estate." (Doc. 5 at 3).

Section 554 of the Bankruptcy Code allows a trustee or a party of interest, after notice and a hearing, to abandon property that is either: (1) of inconsequential value, or (2) burdensome to the estate. 11 U.S.C.A. § 554; *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 245 (6th Cir. 1987); *In re 82 Milbar Blvd. Inc.*, 91 B.R. 213, 216 (Bankr. E.D. N.Y. 1988). *See also In re Joliet-Will County Community Action Agency*, 847 F.2d 430 (7th Cir. 1988) (if the trustee determines some of the assets in estate are not property of estate, trustee would abandon assets).

Based upon the record before this Court, it is clear that both parties received notice and hearing regarding the abandonment of property. Furthermore, it is clear on the record that the Chapter 7 Trustee did not object to the abandonment of property and made affirmative statements to the effect that he believed that the property was inconsequential to the estate:

> "THE COURT: What's the Trustee's position on this? ...
> [TRUSTEE]: Your Honor, I've looked at the documentation of the things set forth in the pleadings. There's no equity in this property for the estate, I think any way you look at it...."

(6/25/08 Report of Proceedings p.2) Therefore, the Bankruptcy Court's decision should be reviewed with an eye to 554(a) precedent.

Pursuant to section 704 of the Bankruptcy Code, it is the Trustee's duty, "to collect and reduce to money" all assets of the estate "as expeditiously as is compatible with the best interest of

clearly erroneous. FEDERAL RULE OF BANKRUPTCY PROCEDURE 8013. *In re Excalibur Auto. Corp.*, 859 F.2d 454 (7th Cir. 1988). A bankruptcy court's conclusions of law, however, are governed by de novo review. *Calder v. Camp Grove State Bank*, 892 F.2d 629, 631 (7th Cir. 1990).

This appeal presents a single issue: "Whether the U.S. Bankruptcy Court erred in granting Associated Bank National Association's Motion for Abandonment of the Real Estate." (Doc. 5 at 3).

Section 554 of the Bankruptcy Code allows a trustee or a party of interest, after notice and a hearing, to abandon property that is either: (1) of inconsequential value, or (2) burdensome to the estate. 11 U.S.C.A. § 554; *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 245 (6th Cir. 1987); *In re 82 Milbar Blvd. Inc.*, 91 B.R. 213, 216 (Bankr. E.D. N.Y. 1988). *See also In re Joliet-Will County Community Action Agency*, 847 F.2d 430 (7th Cir. 1988) (if the trustee determines some of the assets in estate are not property of estate, trustee would abandon assets).

Based upon the record before this Court, it is clear that both parties received notice and hearing regarding the abandonment of property. Furthermore, it is clear on the record that the Chapter 7 Trustee did not object to the abandonment of property and made affirmative statements to the effect that he believed that the property was inconsequential to the estate:

> "THE COURT: What's the Trustee's position on this? ...
> [TRUSTEE]: Your Honor, I've looked at the documentation of the things set forth in the pleadings. There's no equity in this property for the estate, I think any way you look at it...."

(6/25/08 Report of Proceedings p.2) Therefore, the Bankruptcy Court's decision should be reviewed with an eye to 554(a) precedent.

Pursuant to section 704 of the Bankruptcy Code, it is the Trustee's duty, "to collect and reduce to money" all assets of the estate "as expeditiously as is compatible with the best interest of

the parties in interest." 11 U.S.C. § 704.  "The Trustee has substantial discretion to perform these duties." *In re Cult Awareness Network, Inc*., 205 B.R. 575, 579 (Bankr. N.D.Ill. 1997). (citing *In re Terrace Chalet Apartments, Ltd.* 159 B.R. 821, 824 (N.D.Ill. 1993) (trustee has discretion regarding sale of assets)).

"This same discretion applies when the Trustee makes a determination that assets of the estate should be abandoned." *Id. See, e.g., First National Bank v. Lasater*, 196 U.S. 115, 118-119 (1905) ("trustees in bankruptcy are not bound to accept property of an onerous or unprofitable character…."); *K.C. Machine & Tool*, 816 F.2d at 246 (6th Cir. 1987); *In re Interpictures, Inc*., 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("courts have uniformly held that a trustee's power to abandon property is discretionary."); *In re Janmar, Inc*., 4 B.R. 4, 9 (Bankr. N.D.Ga 1979) ("power of abandonment is in the nature of a 'trustee's power to pick and choose.' [citation omitted]"). "Courts do not want to encourage a Trustee to keep burdensome or valueless property in an estate to increase the amount of fees paid to the Trustee and to the various administrative representatives of the Trustee." *Id.  See K.C. Machine & Tool*, 816 F.2d at 246; *Interpictures*, 168 B.R. at 535.  The only per se restriction on a trustee's power to abandon is that the trustee may not abandon property of the estate if to do so would violate state or federal law. *Id. See Midlantic Nat'l Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 501-02 (1986).  The party seeking to prevent him or her from acting has the burden to show an abuse of discretion.  *Interpictures*, 168 B.R. at 535.

"In reviewing the Trustee's decision to abandon property of the estate, the court must only examine that decision to ensure it reflects a business judgment made in good faith." *Id.* (citing *In re Fulton*, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993); *In re Wilson,* 94 B.R. 886, 888 (Bankr.

E.D.Va. 1989)). "Such a decision must rest on a reasonable basis." *Id.* (citing *Fulton*, 162 B.R. at 540; *Wilson*, 94 B.R. at 888-89). The Trustee, therefore, need only demonstrate that he has exercised sound business judgment in making the determination to abandon. *Id.*

In this case, the Trustee used sound business judgment in determining whether to abandon these assets. Associated provides four significant pieces of evidence: (1) Associated has a secured claim on the property for $1,687,500.00; (2) Schedule A submitted on December 2007 shows the properties to be worth $1,211,200.00; (3) an appraisal for the property as of July 2007 for $1,160,000.00; and (4) an offer to purchase the property during the summer of 2008 for $890,000.00. In opposition, Burns provides a newspaper article stating the approval of subdivision plans and the sale of an adjoining property.

Based upon the evidence presented, this Court concludes that the Trustee analyzed and rejected the options proposed by Burns. Considering the current status of the home real estate market and the evidence before him, the Trustee exercised his reasonable business judgment and concluded that the property could not be sold for an amount in excess of Associated's claim of $1,687,500.00; especially given that Associated sought abandonment to sell the property for $890,000.00.

Lastly Burns, in what appears to be a last ditch effort against the abandonment of property, raises the issue of equitable subordination. In order to substantiate a claim for equitable subordination under 11 U.S.C. 510(c), the moving party must provide, among other things, evidence of wrongful or inequitable conduct. *Matter of Lifschultz Fast Freight*, 132 F.3d 339, 348-49 (7th Cir. 1997). Burns provides no evidence that Associated engaged in any type of inequitable conduct. Rather Burns argues that Associated facilitated the debtor's inequitable conduct by

granting loans to the debtor. This argument fails logically and legally because a bank is not the borrower's keeper; once a loan is made the bank has no power or control over how loaned monies are used.

The Trustee's job is to objectively "collect and reduce to money" the property of the estate. The Trustee makes purely economic judgments, as done here. The Trustee's judgment is neither unreasonable nor beyond the scope of his discretion.

### III. CONCLUSION.

The decision of the bankruptcy court is **AFFIRMED**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 11/24/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge